### SOUTHERN COTTON OIL CO. v. MORRISON et al.

Circuit Court of Appeals, Fifth Circuit.
October 26, 1927.

No. 5119.

Receivers ⊂⇒91—On termination of receivership, lessors, who executed new lease to receivers, held entitled to damages for breach of original lease.

Where lessors, before expiration of lease to defendant, executed new lease to defendant's receivers at reduced rent, with option in receivers of transferring lease under certain conditions, or to assign lease to any company that might succeed defendant, and reserving to lessors full rights against defendant under original lease, held that, on termination of receivership, lessors were entitled to proceed against defendant for damages for breach of original lease.

In Error to the District Court of the United States for the Southern District of Georgia; William H. Barrett, Judge.

Action by W. R. Morrison and others against the Southern Cotton Oil Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

T. M. Cunningham, Jr., of Savannah, Ga. (Lawton & Cunningham, of Savannah, Ga., on the brief), for plaintiff in error.

Geo. H. Richter, of Savannah, Ga., for defendants in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In this case the material facts appearing from the record are these:

On September 9, 1922, plaintiff in error, hereafter called defendant, leased certain premises in Savannah from defendants in error, hereafter called plaintiffs, for a period of six years, terminating October 1, 1928, at a monthly rental of $250. Receivers were appointed for defendant in October, 1924, and they elected to abrogate the lease. Subsequently plaintiffs rented the same premises to the receivers at a reduced rental of $200 per month, and a new lease was entered into to run until October 1, 1928, unless the receivership should be sooner terminated, in which event the lease was to terminate on the October 1st next succeeding the termination of the receivership. The new lease contained clauses giving an option to any company that might succeed the defendant to take over the unexpired term, and authorizing the receivers to assign the lease to that company or to sublet the premises to any one with the approval of the plaintiffs.

Before making the new lease plaintiffs notified the receivers by letter that it was executed without prejudice to any rights plaintiffs might have under the terms of the existing lease. On June 6, 1925, the receivership was terminated; no new corporation was formed, and all the assets had been returned to the defendant on May 21, 1925. Defendant continued to occupy the premises until September 22, 1925, when they were vacated and the keys were returned to plaintiffs; rent being paid up to October 1, 1925. Plaintiffs then brought suit to recover the difference between the rent stipulated in the original lease and what they had been able to secure in rent for the premises, and for certain expenses incurred in repairs to them, alleged to be due by the tenant under the terms of the lease. The case was tried by the court without the intervention of a jury.

It is contended by defendant that it succeeded to the lease made by the receivers with plaintiffs, and therefore had the right to terminate it as was done, and was not further obligated than for the rent of $200 per month during the time it occupied the premises. The District Court found, however, that the receivers had breached the contract; that plaintiffs did not acquiesce in same, but did the best they could under the circumstances to minimize their damages; and that in executing the new lease plaintiffs did so with full reservation of their rights against defendant under the original lease. Judgment was entered for plaintiffs in the sum of $3,025.

We agree with the conclusions of the District Court. As there was no new company formed, it could hardly be said that defendant was entitled to exercise the option to take over the premises. But in any event the most the defendant could acquire under the new lease was the right of the receivers to occupy

the premises at the reduced rental. The new lease did not pretend to compromise or settle the question of damages arising from the breach of the original lease. Conceding that receivers of a corporation have the right to disavow existing contracts, after the termination of the receivership, the other parties to such contracts have the right to proceed against the corporation for such damages as may have accrued. Texas Co. v. I. & G. N. Ry. Co. et al. (C. C. A.) 250 F. 742.

We find no error in the record.

Affirmed.